## SOUTHERN PAC. CO. v. POTTER.

Circuit Court of Appeals, Ninth Circuit.
June 4, 1928.

No. 5392.

1. Tender ⊂⊃13(2)—Shipper's offer to deposit sum demanded in legal currency, with understanding that he would pay proper freight rate when ascertained, held sufficient tender.

Shipper's offer to deposit legal currency in amount demanded by carrier, with understanding that he would pay proper freight rate as soon as ascertained, *held* sufficient tender, as equivalent to offer to pay under protest.

2. Carriers ⊂⊃91—Shipper tendering conditionally excessive amount demanded held entitled to damages for conversion by withholding delivery, though partly at fault.

Shipper, offering to deposit legal currency in amount demanded by carrier, with understanding that he would pay proper rate when ascertained, *held* entitled to judgment for damages for conversion by withholding delivery of shipment, though he would have made same tender or offer, if only lawful charges had been demanded, where delivery would have been refused if such charges had been tendered unconditionally; equities being with shipper, though both parties were measurably at fault.

In Error to the District Court of the United States for the District of Arizona; William H. Sawtelle, Judge.

Action by Dell M. Potter against the Southern Pacific Company. Judgment for plaintiff, and defendant brings error. Affirmed.

James P. Boyle and Harry E. Pickett, both of Douglas, Ariz., for plaintiff in error.

John B. Wright and Carl R. Tisor, both of Tucson, Ariz., for defendant in error.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This was an action by a shipper against a common carrier to recover damages for the conversion of a consignment of freight shipped from a point in Colorado to Clifton, Ariz. It was stipulated at the trial that the true and lawful rate for the transportation was $1,189.74. But, while both shipper and carrier were chargeable with notice of this rate as a matter of law, neither apparently knew the correct or lawful rate as a matter of fact. Upon the arrival of the shipment at destination a controversy arose over the transportation charges—the shipper contending that the proper rate was $446.47, or less than one-half the lawful rate; the carrier contending that the proper rate was $1,271.57, or approximately $80 in excess of the lawful rate. What thereafter transpired is thus set forth in the findings of the court:

"That plaintiff thereupon did refuse to pay said sum of $1,271.57 as demanded by defendant, but did offer to the agent of defendant to deposit said sum of $1,271.57 in legal currency, with the understanding that as soon as the proper freight rate was ascertained the plaintiff would pay the same, and that at that time and place he counted out and did offer said defendant's agent in currency $1,271.57, but that defendant did refuse to accept said sum of $1,271.57 so offered as aforesaid, except as payment of the amount of $1,271.57 so demanded, and did refuse to deliver said shipment and shipments."

[1] There is no controversy over the rules of law applicable to the facts here presented. It is conceded that the lawful rate or charge for transportation is the published rate; that both carrier and shipper are chargeable with notice of that rate as a matter of law; that it is the right and duty of the carrier to withhold delivery until its lawful charges have been paid or tendered; and that the tender must be unconditional—that is, it must not be accompanied by conditions which the party making the tender has no right to impose. Here the carrier insists that the tender made was not unconditional, that the shipper simply offered to deposit the money as security for the charges when ascertained, and that a tender of security is not enough. This contention is not without force, but the majority of the court is of opinion that the tender was sufficient, that it was not accompanied

by any fatal condition, that it was the duty of the carrier to accept the money as tendered, and to apply it in satisfaction of its lawful charges, and that under the form of the tender it was authorized to do this. In that aspect of the case the tender was manifestly sufficient, for it was equivalent to an offer to pay under protest.

[2] Consciously or unconsciously, both parties were measurably at fault, because it is apparent from the record that the same tender or offer would have been made by the shipper, if only the lawful charges had been demanded, and it is equally apparent that delivery would have been refused, if the lawful charges had been tendered unconditionally. But such equities as appear in the case are with the shipper.

The judgment is affirmed.